IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **CLINTON HENRY COLVILL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **CIVIL ACTION NO. 1:20-00757** |
| v. ) | |
| ) | |
| **WARDEN,** ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss" (Document No. 11), filed on September 23, 2021. The Court notified Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Petitioner had the right to file a response to Respondent's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Respondent in moving to dismiss. (Document No. 13.) Petitioner, however, failed to file a response. Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's "Motion to Dismiss" (Document No. 11) should be granted.

**PROCEDURAL HISTORY**

On November 18, 2020, Petitioner, acting *pro se*,[1] filed his Petition Under 28 U.S.C. § 2241. (Document No. 1.) Specifically, Petitioner complains that the Bureau of Prisons ("BOP") is improperly calculating his sentence. (Id.) Specifically, Petitioner complains that the BOP is

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

denying him time credit for 48 days that he served in State custody. (Id.) Petitioner claims that he is entitled to this time credit because he was arrested by State officials and was eligible for bond, but he was held in custody due to a Federal detainer. (Id.) As relief, Petitioner requests credit for the 48 day he served in State custody. (Id.)

By Order entered on November 24, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On December 16, 2020, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to fully exhaust his administrative remedies (Id., pp. 3 - 4.); and (2) Petitioner is not entitled to any additional prior custody credit (Id., pp. 4 – 5.) As Exhibits, Respondent attaches the following: (1) The Declaration of Michelle Hassler (Document No. 8-1.); (2) A copy of Petitioner's "Sentencing Monitoring Computation Data As of 05-30-2017" (Document No. 8-2.); (3) A copy of Petitioner's Offender Information from the "North Carolina Department of Public Safety" (Document No. 8-3.); (4) A copy of Petitioner's "Inmate Summary – State" (Document No. 8-4.); (5) A copy of the USMS Form 129 (Document No. 8-5.); (6) A copy of the Petitioner's Supervised Release Violation Judgment as filed in the Middle District of North Carolina in Case No. 1:15-cr-00142 (Document No. 8-6.); (7) A copy of Petitioner's "Sentence Monitoring Computation Data as of 12-07-2020" (Document No. 8-7.); and (8) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated 12-09-2020 (Document No. 8-8.). By Order and Notice entered on December 17, 2020, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 9.) Petitioner, however, failed to file a

2

Reply.

On September 23, 2021, Respondent filed a "Motion to Dismiss." (Document No. 11.) Specifically, Respondent requests that Petitioner's Petition be dismissed as moot based upon his release from custody. (Id.) Respondent explains that Petitioner's request for relief can no longer be granted as Petitioner has already been released from BOP custody. (Id.) As Exhibits, Respondent attaches the following: (1) The Declaration of Destiny Spearen (Document No. 11-1, p. 2.); and (2) A copy of Petitioner's Inmate History (Id., p. 4.). By Order and Notice also entered on September 23, 2021, the undersigned notified Petitioner of his right to file a Response to Respondent's "Motion to Dismiss." (Document No. 13.) Petitioner, however, failed to file a Response.

**ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested

relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss" (Document No. 11), **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on January 20, 2021.

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: December 15, 2021.



Omar J. Aboulhosn
United States Magistrate Judge